UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE COLEMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-00013 CEJ |
| | ) |
| ONSHORE TECHNOLOGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Onshore Technology Services, Inc. ("Onshore" or "Defendant") and, for its Answer to Plaintiffs' Complaint and Demand for Jury Trial, states as follows:

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiff purports to recover overtime compensation and liquidated damages for Plaintiff and similarly situated employees who have worked under the title "Quality Assurance Technician" for Onshore. Defendant denies that it has violated the Fair Labor Standards Act or any other law. Defendant further denies that Plaintiff is similarly situated to those working for Onshore under the title "Quality Assurance Technician" or any other title. Defendant denies that a collective action is appropriate and denies any remaining allegations of fact or conclusions of law contained in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff purports to bring this action pursuant to 29 U.S.C. §§ 207 and 216(b) of the FLSA as a collective action on behalf of all persons who are currently or were formerly employed by Defendant from 2014-2017 and within the past three years from the filing of the underlying matter. Defendant denies that it has violated the FLSA or any other

6530711

law.  Defendant further denies that Plaintiff is similarly situated to "the class members" as described in Paragraph 2 of the Complaint.  Defendant denies that a collective action is appropriate in this case and denies that the "material times relevant to this action" are 2014 through 2017.  Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff alleges that he and those he seeks to represent are entitled to the relief set forth in Paragraph 3(i)-(ii).  Defendant denies that Plaintiff and those he seeks to represent are entitled to such relief.  Defendant further denies that it has violated the FLSA or any other law.  Defendant denies that Plaintiff is similarly situated to those he seeks to represent—or the "class members"—and denies that a collective action is appropriate.  Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 3 of the Complaint.

**PARTIES**

4. Deny.

5. Defendant admits that its headquarters is in Macon, Missouri.  The remaining allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that venue is appropriate in this Court.  Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 5 of the Complaint.

6. Defendant admits that it provides technology resources for its clients, supports lines of code, manages various applications, and services several clients from facilities in Missouri and Georgia.  Defendant denies all remaining allegations of fact or conclusions of law contained in Paragraph 6 of the Complaint.

## JURISDICTION

7. The allegations contained in Paragraph 7 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that this Court has jurisdiction over Plaintiff's claims. Defendant denies that it has violated the FLSA or any other law and denies that Plaintiff's claims have any merit. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the Court has authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 8 of the Complaint.

## COVERAGE

9. The allegations contained in Paragraph 9 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits.

10. The allegations contained in Paragraph 10 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits.

11. Defendant admits that its annual gross volume of business is not less than Five Hundred Thousand Dollars ($500,000.00). Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 11 of the Complaint.

12. Defendant admits that from 2014 to the present, it has had two or more employees handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 12 of the Complaint.

13. Defendant admits that from 2014 to the present, it has had two or more employees ordering materials or supplies from out-of-state vendors and sold to out-of-state customers. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it has accepted, and does accept, payments from out-of-state customers. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 14 of the Complaint.

15. Defendant admits that it has used telephones and/or computers to place and receive business calls and information. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint consist of legal conclusions to which no response is required. Defendant admits that Plaintiff routinely interacted and transacted with Defendant's clients who were outside of the State of Georgia. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 16 of the Complaint.

**FACTUAL ALLEGATIONS**

17. Admit.

18. Defendant admits that certain of its employees perform quality control inspections and testing of products and software, including, but not limited to, maintaining quality assurance processes and recording data of product development for clients during new product or merchandise launch. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 18 of the Complaint.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Defendant admits that Plaintiff was paid a salary at certain times he was employed by Defendant. During such times that Plaintiff was paid a salary as a computer exempt employee, Defendant denies that Plaintiff was due additional compensation for any hours worked over 40 in a workweek. Defendant denies all remaining allegations of fact or conclusions of law contained in Paragraph 32 of the Complaint.

33. Deny.

34. Deny.

35. Deny.

36. The allegations contained in Paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is required to abide by the FLSA. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 36 of the Complaint.

37. Defendant admits that certain records concerning the number of hours worked and amounts paid to Plaintiff and other of Defendant's employees are in the possession, custody, and control of Defendant. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 37 of the Complaint.

38. Deny.

## COLLECTIVE ACTION ALLEGATIONS

39. Defendant admits that Plaintiff and other of Defendant's employees provided and performed, *inter alia*, quality control inspections, testing of computer systems or programs based on or related to user or system design specifications, maintenance of quality assurance processes, and recording data of product development for Defendant's clients. Defendant denies any other allegations of fact or conclusions of law contained in Paragraph 39 of the Complaint.

40. Deny.

41. Defendant admits that Plaintiff and other of Defendant's employees were paid a salary and were classified as exempt under the FLSA. Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 41 of the Complaint.

42. Deny.

43.     Defendant admits that Plaintiff and other of Defendant's employees were paid a salary and were classified as exempt under the FLSA.  Defendant denies that Plaintiff's class definition as set forth in Paragraph 43 of the Complaint is proper and denies that a collective action is proper in this case.  Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 43 of the Complaint.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

48.     Defendant reincorporates and readopts its responses contained in Paragraphs 1 through 47 above as though fully stated herein.

49.     Deny.

50.     Defendant denies that Plaintiff and those he seeks to represent regularly worked overtime hours.  Defendant states that Plaintiff and those he seeks to represent were exempt from the FLSA's overtime provision.  Defendant denies any remaining allegations of fact or conclusions of law contained in Paragraph 50 of the Complaint.

51.     Defendant admits that Plaintiff was exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act and therefore was paid a salary meeting the requirements of such exemptions.  Defendant further admits that Plaintiff was not paid nor due an overtime premium due to such exemptions.  Defendant denies all remaining allegations of fact or conclusions of law contained in Paragraph 51 of the Complaint.

52.     Deny.

53.   Deny.

54.   Deny.

55.   Deny.

## COUNT II
## DECLARATORY RELIEF

56.   Defendant reincorporates and readopts its responses contained in Paragraphs 1 through 55 above as though fully stated herein.

57.   The allegations contained in Paragraph 57 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff has brought a lawsuit against Defendant alleging violations of the Fair Labor Standards Act.  Defendant denies that it has violated the Fair Labor Standards Act or any other state or federal law.  Defendant admits that this Court has jurisdiction.  Defendant denies all remaining allegations of fact or conclusions of law contained in Paragraph 57 of the Complaint.

58.   The allegations contained in Paragraph 58 of the Complaint consist of legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that this Court has jurisdiction and denies all remaining allegations of fact or conclusions of law contained in Paragraph 58 of the Complaint.

59.   The allegations contained in Paragraph 59 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

60.   Admit.

61.   The allegations contained in Paragraph 61 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits.

62. The allegations contained in Paragraph 62 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits.

63. The allegations contained in Paragraph 63 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that its employees are covered under the FLSA.  Defendant denies all remaining allegations of fact or conclusions of law contained in Paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiff is a former employee of Defendant.  Defendant denies all remaining allegations of fact or conclusions or law contained in Paragraph 64 of the Complaint.

65. The allegations contained in Paragraph 65 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

66. The allegations contained in Paragraph 66 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

67. The allegations contained in Paragraph 67 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

FURTHER ANSWERING, Defendant denies that Plaintiff is entitled to any relief requested, including, but not limited to, that set forth in the "WHEREFORE" clause following Paragraph 73 of the Complaint.

## AFFIRMATIVE DEFENSES

A.  Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

B.  Plaintiff's Complaint, and each alleged cause of action, are barred, in whole or in part, by the applicable statute of limitations.

C.  The FLSA has a two-year statute of limitations limiting the award of any damages to a period of two years before the filing of Plaintiff's Complaint, and to the extent Plaintiff seeks to assert a claim under the FLSA for dates before March 9, 2015, such claim is untimely.

D.  The FLSA's two-year statute of limitations can only be extended to three years upon Plaintiff's proof of Defendant's willful violation of the law.  Defendant did not act willfully in violation of the law, and Plaintiff has failed to plead facts sufficient to prove that Defendant acted willfully in violation of the law, so a two-year statute of limitations is required.

E.  At all relevant times, Defendant acted in good faith in conformity and in reliance on written administrative regulations, orders, rulings, approval and/or interpretation of the Department of Labor ("DOL") or any administrative practice, guidance, or enforcement policy of the DOL with respect to the classification of Plaintiff and all of Defendant's employees.

F.     Plaintiff and those he seeks to include in this action are exempt from application of the overtime provisions of the FLSA, including, but not limited to, the administrative, executive, learned professional, and computer professional employee exemptions.

G.     Defendant had no reason to believe that Plaintiff or any other of its employees were working beyond the time they reported, so it had no notice of any alleged off-the-clock violations.

H.     Plaintiff is not a proper representative for a collective action under the FLSA because he cannot establish that he is similarly situated, and he is not similarly situated, to any other of Defendant's employees.

I.     A collective action pursuant to the FLSA is improper because Plaintiff cannot establish the prerequisites required under the FLSA.

J.     Plaintiff is not entitled to liquidated damages because Defendant's alleged acts or omissions were in good faith and based on reasonable grounds for believing that the alleged acts or omissions were not in violation of the FLSA.

K.     Plaintiff, along with those he seeks to include in this action, are barred from recovering any damages, or any recovery must be reduced, by virtue of their failure to exercise reasonable diligence to mitigate their alleged damages, as well as their failure to take advantage of preventative or corrective opportunities provided by Defendant, including any procedures outlined in applicable policies.

L.     Plaintiff's claims, along with those he seeks to include in this action, are subject to the doctrines of waiver, estoppel, release, consent and laches.

M.      Plaintiff's Complaint, and each alleged cause of action, are barred in whole or in part because Plaintiff and the persons he seeks to include in this action have received all income, compensation, and salary to which they have ever been entitled from Defendant.

N.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to the extent his status as a former employee precludes him from acting as a representative for current employees of Defendant.

O.      Any recovery by Plaintiff or by putative class members must be reduced, in whole or in part, by such amounts they received in overpayments including, but not limited to, payments for time recorded but not actually worked, or for overpayments upon or following the end of the employment relationship.

P.      Because the Complaint is stated in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable in this action.  Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## DEFENDANT'S COUNTERCLAIMS AGAINST DWAYNE COLEMAN

1.      Counter-Plaintiff Onshore Technology Services, Inc. ("Onshore") is, and was at all times hereafter mentioned, a Missouri corporation whose headquarters is in Macon, Missouri.

2.      Onshore is an information technology services company that uses a Rural Outsourcing Workforce Development Model to provide a broad range of information technology (IT) services in a highly competitive industry.

3.      Counter-Defendant Dwayne Coleman ("Counter-Defendant") is a former employee of Onshore, who worked at an Onshore facility in Glenville, Georgia.

*Jurisdiction*

4. This Court has jurisdiction over Onshore's counterclaims under 28 U.S.C. § 1367(a).

5. Onshore's counterclaims involve Counter-Defendant's actions and misrepresentations during and relating to the employer-employee relationship between Onshore and Counter-Defendant, which is central to the above-captioned lawsuit.

*Facts Common to All Counts*

6. On or around November 4, 2014, Counter-Defendant began his first stint of employment with Onshore and was assigned to work with a specific customer's account.

7. When his employment with Onshore began, Counter-Defendant was issued a company laptop.

8. Counter-Defendant was specifically informed that the laptop was Onshore's property and that if his employment ended for any reason, he was required to immediately return the laptop to Onshore along with any other items of Onshore's property that he was issued.

9. After working for only a few weeks, Counter-Defendant simply stopped showing up for work.

10. For weeks, Onshore attempted to contact Counter-Defendant, calling him directly and attempting to contact his relatives—this was to no avail as Counter-Defendant was not to be found.

11. As a result of his unannounced disappearance, Counter-Defendant's employment with Onshore ended, causing disruption to client needs and services. Counter-Defendant was therefore responsible for returning Onshore's property issued to him.

12. Counter-Defendant knew and understood that he was required to return Onshore's property issued to him, including the aforementioned laptop, when his employment terminated; Onshore advised Plaintiff of this prior to beginning work with Onshore and again when his employment terminated.

13. In January 2015, Counter-Defendant contacted Onshore, explaining that he was arrested for an outstanding warrant and had just completed a 90-day jail sentence.

14. Counter-Defendant pleaded for another employment opportunity with Onshore.

15. Onshore was sympathetic to Counter-Defendant's situation and informed him that if a similar position opened with no other available candidates to fill it, he would be given another chance at employment.

16. In or around July of 2015, Counter-Defendant was rehired.

17. At no time after Counter-Defendant's initial employment with Onshore did Counter-Defendant return his company-issued laptop, despite being specifically informed to do so.

18. At the time of his re-hire, Onshore believed that Counter-Defendant had previously returned his company-issued laptop and, as a result, he was issued another laptop.

19. Rather than notifying Onshore of the mistake and admitting that he had a company laptop in his possession from his previous employment with Onshore, Counter-Defendant remained silent and kept both of Onshore's laptops.

20. Needing only one company laptop to perform his job duties, on or around March 19, 2016, Counter-Defendant pawned Onshore's laptop—a Lenovo Thinkpad.

*Count I—Unjust Enrichment*

21. Onshore incorporates by reference Paragraphs 1-20 of its Counterclaims above as if fully set forth herein.

22. By pawning Onshore's laptop—a laptop owned solely by Onshore—a benefit was conferred upon Counter-Defendant.

23. By retaining Onshore's laptop and depriving Onshore possession of such laptop, from November 2014 until June 2016, a benefit was conferred upon Counter-Defendant.

24. Onshore received no compensation or payment from Counter-Defendant for the nearly two years Counter-Defendant retained its laptop and deprived Onshore of its use.

25. Onshore received no compensation or payment from Counter-Defendant for the pawning of its laptop by Counter-Defendant.

26. Onshore, therefore, was given no compensation for the funds acquired by Counter-Defendant when he pawned Onshore's property.

27. Permitting Counter-Defendant to retain the funds acquired as a result of pawning Onshore's property and failing to compensate Onshore would be unjust.

28. Permitting Counter-Defendant to deprive Onshore of the possession and use of its property for nearly two years, while simultaneously allowing Counter-Defendant the possession and use and ability to profit from said possession and use of Onshore's laptop for nearly two years, would be unjust.

WHEREFORE, Onshore prays for a Judgment against Counter-Defendant in Count I in an amount to be determined at trial as actual damages in addition to punitive damages in such sum as will serve to punish Counter-Defendant and deter Counter-Defendant and others from like conduct, and for attorney's fees and costs herein.

## *Count II—Fraud*

29. Onshore incorporates by reference Paragraphs 1-28 of its Counterclaims above as if fully set forth herein.

30. Upon being rehired by Onshore, Counter-Defendant intentionally failed to notify Onshore that he had a company laptop in his possession from his previous employment with Onshore.

31. Counter-Defendant knew that failing to notify Onshore that he had a company laptop in his possession from his previous employment with Onshore was wrong and unlawful.

32. Counter-Defendant remained silent and failed to notify Onshore that he had a company laptop in his possession from his previous employment with the intention of Onshore issuing him another laptop from which he could personally benefit.

33. Onshore relied on Counter-Defendant's fraudulent misstatement; indeed, Counter-Defendant had sincerely apologized for his prior absence and pleaded for another employment opportunity at Onshore.

34. As a result, Onshore's reliance on Counter-Defendant's fraudulent misstatement or omission was justified.

35. As a result of Counter-Defendant's fraud, Onshore was damaged.

36. Onshore was unable to use—or issue to its employees—a valuable piece of equipment necessary to provide IT services to its clients for nearly two years.

37. Onshore was not compensated in any way for this deprivation of use; instead, Counter-Defendant was unjustly enriched after he pawned Onshore's laptop.

WHEREFORE, Onshore prays for a Judgment against Counter-Defendant in Count II in an amount to be determined at trial as actual damages in addition to punitive damages in such

sum as will serve to punish Counter-Defendant and deter Counter-Defendant and others from like conduct, and for attorney's fees and costs herein.

                                        Respectfully submitted,

                                        THOMPSON COBURN LLP

                                        By:   */s/ Hope K. Abramov*
                                            Hope K. Abramov, 49121MO
                                            S. Cody Reinberg, 66174MO
                                            One US Bank Plaza, Suite 2700
                                            St. Louis, MO 63101
                                            (314) 552-6496
                                            FAX (314) 552-7000
                                            habramov@thompsoncoburn.com
                                            creinberg@thompsoncoburn.com

                                        Attorneys for Defendant
                                        Onshore Technology Services, Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court on April 18, 2017, using the CM/ECF system which will send notification of such filing to the following:

Phillip M. Murphy II
Law Office of Phillip M. Murphy II
4717 Grand Avenue, Suite 250
Kansas City, MO 64112

Carlos V. Leach
Morgan & Morgan, P.A.
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, GA 30343-1007

                                                          */s/ Hope K. Abramov*