UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE COLEMAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:17-cv-00013-CEJ |
| ONSHORE TECHNOLOGY SERVICES, INC., | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Plaintiff Dewayne Coleman's ("Plaintiff") and Defendant Onshore Technology Services, Inc.'s ("Onshore") claims all stem from the same common nucleus of operative fact: Plaintiff's employment at Onshore. Plaintiff claims that during his employment, he was misclassified as exempt and therefore was denied overtime wages in violation of the FLSA. Onshore claims that during his employment, Plaintiff wrongfully deprived Onshore possession of a company laptop, ultimately pawning it for profit while he was an Onshore employee.

These claims will undoubtedly involve many of the same witnesses and much of the same evidence relating to Onshore's policies and procedures in addition to Plaintiff's job duties and responsibilities. Moreover, if Plaintiff succeeds on his claim for unpaid overtime, any damages would be subject to an offset or reduction. This necessarily requires Plaintiff's retention of Onshore's laptop and funds acquired as a result of pawning the same to be addressed in conjunction with Plaintiff's FLSA claim. Thus, these claims "are such that [the Court] would ordinarily be expected to try them all in one judicial proceeding," and this Court has jurisdiction

6576445

under 28 U.S.C. § 1367(a).  <u>OnePoint Solutions, LLC v. Borchert</u>, 486 F.3d 342, 350 (8th Cir. 2007).

Notwithstanding this clear overlap, Plaintiff attempts to strip this Court of its rightful power to rule.  Plaintiff does so, however, untimely.  <u>See</u> Federal Rule of Civil Procedure 15(a) ("any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later").  Further, Plaintiff's Motion is supported by no comparative case law and relies on a complete misstatement of fact:  Plaintiff's wrongdoing occurred only *after* he stopped working for Onshore.  This is entirely contrary to clear allegations of Onshore's Amended Counterclaim, which shows wrongdoing during his employment.  For these reasons, Plaintiff's Motion to Dismiss should be denied.

**I.     Plaintiff's Motion is Untimely**

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), on May 19, 2017, Onshore timely filed its Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint.  (DKT., # 20).  Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff's required response to that amended pleading was to be made within 14 days after service of the amended pleading.  Accordingly, Plaintiff was required to answer or otherwise respond to Onshore's Counterclaims on June 2, 2017.  He did not.

Plaintiff filed the motion *sub judice* on June 9, 2017—seven days *after* the deadline set forth by the Federal Rules.  He did not request any extension and offers no justification for filing out of time.  Plaintiff's untimely filing should be dismissed.  <u>See</u> <u>e.g.</u>, <u>United States v. Stephens</u>, No. 16-4068-CR-C-RK, 2016 WL 7106397, at *2 (W.D. Mo. Dec. 3, 2016) (court denying

Motion to Dismiss as untimely where litigant filed two and one half weeks after deadline with no justification for being filed out of time).

## II.     This Court Has Jurisdiction Under 28 U.S.C. § 1367(a)

Supplemental jurisdiction under 28 U.S.C. § 1367(a) is present when FLSA claims and state law claims such as those present here are "apt to require many of the same witnesses, much of the same evidence, and determination of many of the same facts." Connolly v. Smugglers' Notch Mgmt. Co., No. 2:09-CV-131, 2009 WL 3734123, at *4-5 (D. Vt. Nov. 5, 2009) (quoting Luongo v. Nationwide Mut. Ins. Co., No. 95-CV-3190, 1996 WL 445365, at *5 (S.D.N.Y. 1996)).  As noted earlier, Plaintiff's FLSA overtime claim and Onshore's state law claims will undoubtedly involve many of the same witnesses (e.g., other Onshore employees) and much of the same evidence relating to Onshore's policies and procedures in addition to Plaintiff's personnel history, job duties, and responsibilities.  Indeed, this discovery will not only support Onshore's contention that Plaintiff was properly classified as exempt, but it will also support Onshore's claim that Plaintiff—*while employed by Onshore*—(1) knew and understood he was required to return Onshore's property issued to him; (2) only needed one laptop, not two, to perform his job duties; (3) failed to notify Onshore that he possessed two company laptops; and (4) wrongfully pawned Onshore's laptop.

Even more, if Plaintiff succeeds on his claim for unpaid overtime, any damages would be subject to an offset or reduction.  This will necessarily require the Court to assess Plaintiff's unlawful retention of Onshore's laptop—and the funds acquired as a result of pawning the same—in conjunction with Plaintiff's FLSA claim.  Because every claim before this Court is

"such that [the Court] would ordinarily be expected to try them all in one judicial proceeding," this Court has jurisdiction under 28 U.S.C. § 1367(a).  Borchert, 486 F.3d at 350.[1]

Onshore's claims are straightforward, easily manageably, and closely related to Plaintiff. There is nothing calling for this Court to decline its properly held jurisdiction.[2]  Plaintiff's Motion to Dismiss should be denied.

## CONCLUSION

Due to the overlap of witnesses and evidence, and in conjunction with the fact that every claim in front of this Court derives from Plaintiff's employment at Onshore, this Court has jurisdiction over Onshore's Counterclaims.

WHEREFORE, Onshore respectfully requests that this Court deny Plaintiff's Motion to Dismiss and order any other relief that this Court deems fair and just.

---

[1] Plaintiff failed to provide any case law in support of his argument that Onshore's counterclaims are not part of the same case or controversy.  Onshore notes, however, that because its counterclaims will rely on many of the same witnesses and much of the same evidence as Plaintiff's FLSA claim, this case is distinguishable from those cases wherein courts have declined to exercise supplemental jurisdiction where there was no overlap between the litigation of the primary claim and counterclaims.  See e.g., Herbst v. Ressler & Assocs., Inc., No. 4:13-CV-2327 CAS, 2014 WL 4205294, at *5 (E.D. Mo. Aug. 22, 2014) (declining to exercise supplemental jurisdiction over counterclaim that plaintiff failed to disclose relevant facts pre-employment when the court would be analyzing entirely different evidence for the claim and counterclaim); Lawrence & Assocs., Inc. v. Amdocs Champaign, Inc., No. 405CV2306-SNL, 2007 WL 390732, at *2-3 (E.D. Mo. Jan. 31, 2007) (declining to exercise supplemental jurisdiction when plaintiff's claim involved consulting agreements and defendant's counterclaim involved a non-compete agreement).

[2] 28 U.S.C. § 1367(a) provides that a court may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

6576445

4

        Respectfully submitted,

        THOMPSON COBURN LLP


       By */s/ S. Cody Reinberg*
        Hope K. Abramov, #49121MO
        S. Cody Reinberg, #66174MO
        One US Bank Plaza, Suite 2700
        St. Louis, Missouri  63101
        314-552-6496
        FAX 314-552-7000
        habramov@thompsoncoburn.com
        creinberg@thompsoncoburn.com

       Attorneys for Defendant
       Onshore Technology Services, Inc.


## **CERTIFICATE OF SERVICE**

  The undersigned counsel hereby certifies that the foregoing was filed electronically with the Clerk of Court on June 16, 2017, using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Phillip M. Murphy II | Carlos V. Leach |
| Law Office of Phillip M. Murphy II | Morgan & Morgan, P.A. |
| 4717 Grand Avenue, Suite 250 | 191 Peachtree Street, N.E., Suite 4200 |
| Kansas City, MO 64112 | P.O. Box 57007 |
| | Atlanta, GA 30303-1007 |

        */s/ S. Cody Reinberg*