UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DEWAYNE COLEMAN, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 2:17-CV-13 (CEJ) ) |
| ONSHORE TECHNOLOGY SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to dismiss defendant's amended counterclaims for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Defendant has filed a response in opposition and the issues are fully briefed.

### **I.    Background**

Plaintiff Dewayne Coleman worked as a Quality Assurance Technician (QAT) for defendant Onshore Technology Services, Inc. He alleges that defendant improperly denied him and other QATs overtime compensation due under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), by improperly classifying them as salaried "computer professionals." He filed this purported collective action under the FLSA, asserting claims for overtime compensation and declaratory relief.

On May 19, 2017, defendant filed amended counterclaims, alleging that plaintiff failed to return a company-issued laptop and subsequently pawned it.

Defendant asserts claims for unjust enrichment, fraud, and conversion,[1] invoking this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff argues that the counterclaims must be dismissed for lack of subject matter jurisdiction.

## II. Discussion

As an initial matter, the Court addresses defendant's contention that plaintiff's motion to dismiss its amended counterclaim was untimely under Fed.R.Civ.P. 15(a)(3) (response to amended pleading must be made "within time remaining to respond to original pleading or within 14 days after service of the amended pleading, whichever is later."). Because the Court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, the Court will address plaintiff's arguments. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

The Court has original jurisdiction over plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331. Defendant's counterclaims arise under state law, and they do not allege facts establishing diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Accordingly, the Court has subject matter jurisdiction only if supplemental jurisdiction is authorized under 28 U.S.C. § 1367. The burden of establishing this Court's jurisdiction rests on the counterclaimant. Jones v. Henry Indus., Inc., No. 4:16CV1184 SNLJ, 2017 WL 513038, at *2 (E.D. Mo. Feb. 8, 2017) (citing Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007)).

---

[1]Defendant's conversion claim is based on Georgia Code. Ann. § 51-10-6. While defendant is incorporated in and has its principal place of business in Missouri, it employed plaintiff in Georgia.

2

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164–65 (1997) (citation omitted). Claims derive from a common nucleus of operative fact if they "are such that [the asserting party] would ordinarily be expected to try them all in one judicial proceeding." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 963 (8th Cir. 2011) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Defendant argues that supplemental jurisdiction exists because the FLSA claims and state-law claims depend on the same evidence regarding its policies and procedures. The Court disagrees. The policies and procedures on which defendant's claims depend are those related to employees' obligations with respect to company-issued property, while plaintiff's claims will require consideration of his job duties, the number of hours he worked, and the compensation he received. See Schmucker v. Precision Irrigation, Inc., No. 4:15-CV-00567-JCH, 2015 WL 6438351, at *2 (E.D. Mo. Oct. 22, 2015) (employer's counterclaims will require consideration of evidence primarily related to employee's performance of his employment duties, "the alleged deficiencies of which bear no relationship to the numbers of hours he worked or [defendant's] wage and hour policies."). "The only overlapping fact in this nucleus is that the plaintiff was employed by the defendants." Shepherd v. Kelley, No. CIV.A. 12-0424-WS-B, 2013 WL 105284, at *2 (S.D. Ala. Jan. 8, 2013);

3

see also Kelso v. Complete Home Renovations, Inc., No. 216CV00430LJMMJD, 2017 WL 495789, at *2 (S.D. Ind. Feb. 7, 2017) (existence of an employment relationship alone cannot establish a common nucleus of operative fact to support supplemental jurisdiction in an FLSA case); Anwar v. Stephens, No. CV 15-4493 (JS)(GRB), 2016 WL 4468090, at *4 (E.D.N.Y. Aug. 3, 2016), report and recommendation adopted, No. 15-CV-4493(JS)(GRB), 2016 WL 4468239 (E.D.N.Y. Aug. 24, 2016) ("[P]laintiff's employment relationship with the defendants is the sole fact that connects the federal and state claims, but that fact alone is insufficient to form the basis of supplemental jurisdiction.) The fact that defendant might be entitled to offset any damages awarded to plaintiff by the value of the laptop does not alter the analysis. See Molnoski v. Batmasian, No. 16-CV-81789, 2017 WL 1232792, at *1 (S.D. Fla. Mar. 31, 2017) ("[S]tate-law counterclaims for conversion are improper in an FLSA case when they do not stem from the employer/employee relationship which "implicate[s] the number of hours worked or payment received.") (citation omitted); Patel v. Goldspot Stores, LLC, No. 6:15-CV-198-ORL-28DA, 2015 WL 3401165, at *3 (M.D. Fla. May 26, 2015) ("[T]he only connection between an action for unpaid wages and the alleged misappropriation is that Plaintiffs were employed by Goldspot at the time. This is not enough."). Latortue v. Fast Payday Loans, Inc., No. 209-CV-171-FTM-29DNF, 2010 WL 415311, at *2 (M.D. Fla. Jan. 27, 2010) (theft of money from an employer on the one occasion alleged is not "part of the same case or controversy under Article III of the United States Constitution" as plaintiff's FLSA claim).

Defendant's counterclaims and plaintiff's FLSA claims do not arise from a common nucleus of operative fact.  Therefore, the Court does not have supplemental jurisdiction under 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant's counterclaims for lack of subject matter jurisdiction [Doc. # 26] is **granted**.

An order of partial dismissal will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2017.